IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 13-252 |
| EDRED MELENDEZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the court is a motion to reduce sentence (ECF No. 1568) filed by counsel on behalf of defendant Edred Melendez ("Melendez"). The government filed a response, opposing the motion. (ECF No. 1570) and Melendez filed a reply (ECF No. 1573). The motion is ripe for disposition.

Procedural History

On October 9, 2014, defendant Edred Melendez ("defendant") pleaded guilty to count one of the superseding indictment at criminal action number 13-252. On January 6, 2015, the Probation Office filed a Final Presentence Investigation Report ("PIR"). Pursuant to Local Rule 32C.4, counsel for defendant and for the government each had an opportunity to submit objections to the PIR prepared by the Probation Office. Neither party raised any objection to the PIR.

In the Tentative Findings and Rulings ("TFRs"), the court noted: "Pursuant to U.S.S.G. § 3B1.1(a), 4 levels are added if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Defendant agrees this enhancement applies in this case, and, therefore, his offense level is increased by 4 levels, for an adjusted offense level of 38."

Based on a total offense level of 35 (after a 3-level reduction for acceptance of responsibility) and a criminal history category of I, the guideline range for imprisonment was 168 to 210 months. The statutory minimum term of imprisonment was 10 years. At sentencing, the parties had no objections to the guideline calculation. The court sentenced Melendez to 168 months in prison and ordered him to forfeit $827,959 in United States currency.

Discussion

A district court may modify a judgment that includes a term of imprisonment only under limited circumstances because that judgment is final. *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance arises under 18 U.S.C § 3582(c), which allows a district court to reduce or modify a sentence "if two conditions are met: (1) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting 18 U.S.C. § 3582(c)(2)).

Melendez points to the portion of Amendment 821, 2023 U.S.S.G. App'x C, that creates a new guideline, U.S.S.G. § 4C1.1 (Adjustment for Certain Zero-Point Offenders). If an offender "meets **all** of the following criteria" (emphasis added), the offense level is reduced by 2 levels. The parties agree that Melendez has zero criminal history points. The parties, however, vigorously dispute whether Melendez is disqualified from relief because he received a 4-level enhancement as an organizer or leader of criminal activity.

2

The parties dispute the application of § 4C1.1's tenth criteria, which states: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) **_and_** was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." U.S.S.G. § 4C1.1 (emphasis added).

Melendez argues that, as a matter of statutory interpretation, "and" means "and." Melendez contends that he qualifies for a sentence reduction because, although he received an adjustment for an aggravating role, he did not also engage in a continuing criminal enterprise. Melendez suggests that the text and context of § 4C1.1, and the rule of lenity, also support his proposed interpretation.

This argument has been universally rejected by the courts. In *United States v. Arroyo-Mata*, No. 1:09-CR-13, 2024 WL 1367796 (N.D. Ga. Apr. 1, 2024), the court commented: "This is a crafty argument, but it lacks merit." *Id.* at *1.[1] The court canvassed decisions from around the country (24 reported decisions at that time) and "endeavor[ed] to provide a more holistic analysis of this issue because it is likely to be raised again by other litigants in this district and across the country." *Id.* at *2. In summary, the court explained that both the plain language and context require a defendant to satisfy all the criteria, which includes both parts of the tenth criteria. Because this court agrees with the thorough and persuasive analysis in *Arroyo-Mata* (and the decisions cited therein), it will not repeat that analysis in this opinion.

Melendez's attempt to distinguish the Supreme Court's decision in *Pulsifer v. United States*, 601 U.S. 124 (2024) (involving the interpretation of "and" in the safety valve statute) (ECF No. 1573 at 3-6), is not persuasive. In *Pulsifier*, the Supreme Court acknowledged that a

---

[1] The court notes that this decision was issued after Melendez's motion and the government's response were filed.

similar "and/or" argument was "grammatically permissible," but rejected the defendant's proposed construction and held that a "defendant is eligible for safety-valve relief only if he satisfies each of the paragraph's three conditions." *Id.* at 153 (abrogating several contrary decisions from the courts of appeals). In *Arroyo-Mata*, the court pointed out that the Sentencing Commission used "and" the same way in § 4C1.1 as in the safety valve statute, i.e., a defendant is eligible for relief only if he satisfies each of the conditions. *Arroyo-Mata*, 2024 WL 1367796 at *1-2 (noting that *Pulsifer* had rejected defendant's argument).

Melendez received a 4-level enhancement pursuant to U.S.S.G. § 3B1.1(a), because he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. He, therefore, did not satisfy "all" the criteria in § 4C1.1 and he does not qualify for a sentence reduction. The court does not reach the second step of the *Dillon* analysis, i.e., application of the § 3553 sentencing factors.

Conclusion

For the reasons set forth above, the motion to reduce sentence (ECF No. 1568) will be denied.

An appropriate order will be entered.

BY THE COURT:

Date: July 9, 2024

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge